[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11232
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00492-JDW-JSS-2

UNITED STATES OF AMERICA,

                                                                       Plaintiff - Appellee,

versus

BREANNA KNIGHTS,

                                                                       Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 6, 2020)

Before JILL PRYOR, LAGOA and HULL, Circuit Judges.

PER CURIAM:

Breanna Knights appeals her 36-month sentence, which the district court imposed after she pled guilty to one count of having distributed and possessed heroin with the intent to distribute it and one count of having distributed and possessed cocaine base with the intent to distribute it.  On appeal, Knights argues that the district court made two errors in calculating her sentence:  first, the court applied a two-level enhancement to her offense level under the Sentencing Guidelines for possessing a dangerous weapon, and second, the court refused to apply a two-level reduction to her base offense level for her minor role in the transactions.  After careful review, we reject both of Knights's challenges.  We thus affirm her sentence.

## I.      BACKGROUND

A grand jury issued an 11-count indictment against Knights, Donald Dussell, and another co-defendant.  Knights alone was charged in Counts Two and Seven of the indictment.  Knights pled guilty to Count Two, which charged her with knowingly and intentionally distributing and possessing with intent to distribute a mixture containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Knights also pled guilty to Count Seven, which charged her with knowingly and intentionally distributing and possessing with intent to distribute a mixture containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

In preparation for sentencing, a probation officer prepared the Presentence Investigation Report ("PSR"), which set forth the following facts regarding the two transactions for which Knights pled guilty and two related transactions with which she was involved. This case arises out of transactions in which Knights and Dussell, her live-in boyfriend, sold drugs, weapons, and ammunition to a confidential informant ("CI") and an undercover agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Before the first transaction, the CI informed the ATF agent that Dussell had offered to sell heroin. The CI and the ATF agent met Knights and Dussell at a residence in Hudson, Florida to purchase drugs and a firearm. During the transaction, Knights retrieved a bag of heroin from her shirt and handed it to Dussell. After Knights handed over the drugs, the CI paid Dussell $80. During the same transaction, Dussell sold the CI and the ATF agent a stolen 9mm pistol for $600. This transaction was the basis for Count Two of the indictment.

Before the second transaction, Dussell texted the CI that he had a shotgun and some police gear for sale. When the CI and ATF agent met Dussell for a second time in Port Richey, Florida, Knights again was present. During this transaction, the ATF agent bought two pistols, a shotgun, ammunition, and assorted police equipment for $1,100. The ATF agent also bought cocaine base for

$1,000; Knights handed the agent the drugs. This transaction was the basis for Count Seven of the Indictment.

During the third transaction, the CI and the ATF agent met Dussell at a motel in New Port Richey, Florida, where they bought a revolver and ammunition for $250. Knights entered the motel room during the transaction, and the four individuals discussed the possibility of the CI and the ATF agent collecting drug debts for Dussell. Knights produced a list of Dussell's debtors, identified specific customers and complaints she had about them, and commented on the potential collection of the drug debts.

The CI and ATF agent met Dussell and Knights at the same motel for the fourth transaction. When the ATF agent asked what type of drugs Dussell had for sale, Knights answered "ice cream," slang for methamphetamine. As Dussell and the ATF agent negotiated the price for the methamphetamine, Knights noted that the price would have been different if she and Dussell were in a different financial situation. Dussell sold the CI and ATF agent two pistols, ammunition, and methamphetamine for $1,600. Knights later admitted that she had known about Dussell's drug and firearm business but claimed that she was not a participant in it.

Based on the quantity of drugs involved in the two transactions, the probation officer calculated a base offense level of 18. The probation officer suggested a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because a

4

firearm was present during the transactions and a three-level reduction under U.S.S.G. §§ 3E1.1(a) and 3E1.1(b) for Knights's timely acceptance of responsibility, bringing her total offense level to 17.  Based on a criminal history category of IV, the resulting advisory guidelines range was 37-46 months' imprisonment.  The district court adopted the facts as set forth in the PSR.

At the sentencing hearing, Knights objected to the two-level enhancement for possession of a firearm during the offense, arguing that at no point did she possess a weapon.  The district court overruled the objection, finding the enhancement applicable because:  (1) the sale of the drugs were combined with the sale of the weapons and were part of the jointly undertaken criminal activity, (2) the sale of the weapons furthered the drug transactions, (3) Knights knew Dussell sold both drugs and guns, (4) Knights participated in the drug sales, and (5) Knights could have reasonably foreseen that Dussell would possess guns in connection with the drug sales.

At the sentencing hearing Knights also argued for a reduction in her offense level under U.S.S.G. § 3B1.2(b) based on her minor role in the transactions.  Knights characterized her role in the transactions as limited to serving as a "human safe, at Dussell's request." Doc. 40 at 27.[1]  She noted that she did not organize or plan the criminal activity and that the evidence failed to show that she benefited

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

directly from the transactions. The district court denied the minor role reduction. The court reasoned that Knights failed to show she was substantially less culpable than Dussell because: (1) she possessed the drugs sold to the CI and ATF agent, (2) she was intimately familiar with the deals because she produced the customer list and knew details about the customers, (3) she informed the ATF agent that Dussell had "ice cream" for sale during one of the transactions, and (4) during the discussions about the price of methamphetamine she used terms such as "us" and "we." Doc. 51 at 18-21. The court also pointed out that Knights conceded that her living with Dussell reasonably supported the inference that she benefited from the drug sales, and that her concerns about customer debts and her interactions with customers suggested that she helped plan and exercised some decision-making authority regarding the drug sales.

The district court sentenced Knights to 36 months in prison. This appeal followed.

## II.   STANDARD OF REVIEW

When reviewing a district court's application of the Sentencing Guidelines, we review "purely legal questions *de novo*, a district court's factual findings for clear error, and, in most cases, a district court's application of the guidelines to the facts with 'due deference.'" *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1136-37 (11th Cir. 2004) (citation omitted). "Due deference" in this context is

tantamount to clear error review. *See United States v. White*, 335 F.3d 1314, 1318-19 (11th Cir. 2003). "A factual finding is clearly erroneous when, upon review of the evidence, we are left with a definite and firm conviction a mistake has been made." *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015) (citation omitted).

### III. DISCUSSION

**A. The District Court Did Not Clearly Err in Enhancing Knights's Sentence for Possessing a Dangerous Weapon in Connection with Her Crime.**

The district court applied to Knights's offense level a two-level enhancement for possessing a dangerous weapon in connection with the drug sales, pursuant to U.S.S.G. § 2D1.1(b)(1). Knights challenges the increase in offense level, claiming that she never possessed the gun herself. We conclude that the district court did not clearly err in attributing Dussell's gun possession to Knights and affirm the court's application of the enhancement.

We review whether a defendant possessed a firearm for purposes of U.S.S.G. § 2D1.1(b)(1), a factual finding, for clear error. *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006).

Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" in connection with a conspiracy to possess and distribute drugs. U.S.S.G.

§ 2D1.1(b)(1). An application note clarifies that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.11. The government must show that the firearm had "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Stallings*, 463 F.3d at 1220 (citations omitted). "Once the government shows that a firearm was present, the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable." *United States v. Fields*, 408 F.3d 1356, 1359 (11th Cir. 2005) (internal quotation marks omitted).

A co-conspirator's possession of a firearm may be attributed to a defendant for the purpose of applying the enhancement if: "(1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006) (internal quotation marks omitted) (citation omitted). "There is a frequent and overpowering connection between the use of firearms and narcotics traffic. To that end, we have found it reasonably foreseeable that a co-conspirator would possess a firearm where the conspiracy involved trafficking in lucrative and illegal drugs." *Id.* at

8

1246 (citations omitted).  The offense need not be charged as a conspiracy to attribute the relevant conduct of someone else to the defendant so long as they were engaged in jointly undertaken criminal activity.  U.S.S.G. § 1B1.3, cmt. n.3(A).  Jointly undertaken criminal activity is defined as any "criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others."  U.S.S.G. § 1B1.3 cmt. n.3(A).

The district court found that Dussell possessed a firearm, the drug sales and weapon sales were related and part of the jointly undertaken criminal activity, the sale of the weapons furthered the drug transactions, Knights knew that Dussell sold both guns and drugs, Knights participated in the drug sales at which guns were present, and Knights could have reasonably foreseen that Dussell would possess guns in connection with the drug sales.  None of these factual findings was clearly erroneous.  Knights admitted to the probation officer who prepared the PSR that she knew about Dussell's drugs and firearm business.  She pled guilty to knowingly and intentionally distributing and possessing with intent to distribute both cocaine and heroin.  Knights and Dussell jointly undertook criminal activity to sell these drugs, allowing Dussell's possession of the firearms to be attributable as relevant conduct to Knights under U.S.S.G. § 1B1.3.  The scope of the agreed-upon activity included the two instances in which Knights held the drugs on her person, for which she pled guilty.  It was during these two transactions that Dussell

9

possessed firearms and sold the CI and ATF agent both drugs and firearms. Dussell's possession of the firearms during the transactions was in furtherance of the drug sales because selling firearms at the same time as drugs created convenience for buyers.

Further, Dussell's possession of the firearms was reasonably foreseeable given Knights's knowledge of the scheme. Our precedent makes clear that where, as here, a defendant participated in jointly undertaken criminal activity involving trafficking in lucrative and illegal drugs, she reasonably could have foreseen that her co-conspirator would possess firearms. *See Pham*, 463 F.3d at 1246. Knights admitted that she was aware that Dussell was engaged in both the drug and firearm businesses, making it foreseeable that guns would be present at any transaction. Knights did not demonstrate that the firearms' connection to the drug sales was clearly improbable.

For these reasons, we affirm the district court's application of the two-level enhancement for possession of a dangerous weapon.

**B.     The District Court Did Not Clearly Err in Declining to Reduce Knights's Sentence Based on a Minor Participant Reduction.**

Knights argues that the district court erred in denying her a two-level reduction in offense level under U.S.S.G. § 3B1.2(b) because of her minor role in the offense. We review a district court's determination of a defendant's role in the offense, a factual finding, for clear error. *United States v. Rodriguez De Varon*,

10

175 F.3d 930, 937 (11th Cir. 1999) (en banc).  But a "district court's choice between two permissible views of the evidence as to the defendant's role in the offense will rarely constitute clear error so long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law."  *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (alteration adopted) (internal quotation marks omitted) (citation omitted).  We cannot say that the district court's determination that Knights played more than a minor role was clearly erroneous.

The Sentencing Guidelines provide for a two-level reduction to a defendant's offense level if she was a minor participant in the criminal activity.  *See* U.S.S.G. § 3B1.2(b).  A minor participant is a person "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2, cmt. n.5.  The question of whether a defendant is entitled to a minor-role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case."  U.S.S.G. § 3B1.2, cmt. n.3(C).  The defendant has the burden of proving her minor role in the offense by a preponderance of the evidence.  *Rodriguez De Varon*, 175 F.3d at 939.

Two principles guide the determination of whether a defendant played a minor role in a criminal scheme:  (1) "the defendant's role in the relevant conduct

11

for which she has been held accountable at sentencing," and (2) "her role as compared to that of other participants in her relevant conduct." *Id.* at 940. The fact that a defendant's role is less than other participants is not dispositive of the defendant's role in the offense because "it is possible that none are minor" participants. *Id.* at 944. Commentary to § 3B1.2 provides additional guidance on when a minor role reduction is appropriate, directing district courts to consider: (1) the degree of the defendant's understanding of the scope and structure of the crime; (2) the degree of the defendant's participation in the planning or organization of the crime; (3) the degree of the defendant's decision-making authority; (4) the nature and extent of the defendant's participation in the crime, including the acts she performed and how much discretion and responsibility she had; and (5) how much the defendant stood to benefit from the crime. U.S.S.G. § 3B1.2, cmt. n.3(C).

Here, the district court did not clearly err when it found that Knights had more than a minor role. The court pointed out that Knights actually possessed the drugs sold to the CI and ATF agent during the two transactions for which she was charged, she was intimately familiar with Dussell's drug sales because she had personal knowledge about transactions with specific customers, she knew which drugs Dussell had for sale, and she referred to herself and Dussell as "us" and "we" in reference to the drug transactions. Doc. 51 at 18-21. Given Knights's

12

knowledge of the drug deals and her possession of the drugs, we are not left with a definite and firm conviction that a mistake was made when the district court denied her request for a minor role reduction. *See Dimitrovski*, 782 F.3d at 628.

Knights nonetheless argues that she was entitled to a minor-role reduction because her conduct was minor when compared to Dussell's larger role of organizing and planning the criminal activity. It is true that Dussell, and not Knights, planned the transactions and accepted the buyers' payments. But the fact that Dussell played a larger role than Knights does not mean that she played a minor role; we have recognized that for some schemes none of the participants will qualify as a minor participant. *See Rodriguez De Varon*, 175 F.3d at 944. Further, Knights acknowledged that her living with Dussell supported the inference that she benefitted from the drug sales, and that her concerns about customer debts and interactions with customers suggested that she helped plan and exercised some decision-making authority over the drug sales.

We therefore affirm the district court's decision not to reduce Knights's guidelines range under U.S.S.G. § 3B1.2(b).

### IV.   CONCLUSION

For these reasons, we affirm the judgment of the district court.

**AFFIRMED**.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 06, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-11232-CC
Case Style: USA v. Breanna Knights
District Court Docket No: 8:18-cr-00492-JDW-JSS-2

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion